# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMUNDO MONTALVO, ) | |
| ) | |
| Petitioner, ) | 3:09-cv-00604-LRH-VPC |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On February 9, 2010, the Court entered an Order dismissing the petition entitled "Motion for Disposition of Immigration and Customs Enforcement (I.C.E.) (docket #6) for lack of jurisdiction since petitioner was not in the custody of I.C.E. Judgment was entered the same day (docket #7).

Petitioner then filed a Notice of Appeal (docket #9) on February 25, 2010, appealing from the judgment. There are two matters that must be resolved, however, before petitioner may pursue the appeal.

First, petitioner has not paid the $105 filing fee for the appeal. The Court notes, however, that petitioner was granted *in forma pauperis* status for purposes of this action in this Court (*see* docket #6). Therefore, pursuant to Federal Rule of Appellate Procedure 24(a)(3), petitioner will be granted leave to proceed *in forma pauperis* on appeal.

The second matter that must be resolved before the appeal may proceed is the matter of a certificate of appealability. Petitioner must obtain a certificate of appealability from this Court or

from the Court of Appeals, in order to proceed with his appeal. *See* 28 U.S.C. §2253(c). The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

Petitioner will be granted time to file, in this Court, a Motion for Certificate of Appealability. In such motion, petitioner must set forth, in plain and simple terms, what issue(s) he wishes the Court of Appeals to consider. Petitioner's statement of issues should look something like the following:

(1) Did the district court commit error in dismissing this action for petitioner's failure to exhaust state remedies?

(2) Did the district court commit error in finding that petitioner did not "fairly present" his claims to the Nevada Supreme Court?

These are, of course, only examples as to form -- not as to content. Petitioner should carefully consider the issues in his case, and he should identify the issues that he believes are substantial enough to present to the Ninth Circuit Court of Appeals. He should clearly identify those issues in a Motion for Certificate of Appealability.

1 **IT IS THEREFORE ORDERED** that petitioner is **GRANTED** leave to proceed *in forma*
2 *pauperis* on appeal.
3 **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of
4 entry of this Order to file a Motion for Certificate of Appealability that complies with the Court's
5 instructions, above.
6 **IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this Court
7 may deny him a certificate of appealability.
8 Dated this 2nd day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE