UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RAYMUNDO MONTALVO, | ) | |
| Petitioner, | ) | 3:09-cv-00604-LRH-VPC |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

On February 9, 2010, the Court entered an Order dismissing the habeas corpus petition in this case (docket #6). Judgment was entered on the same day (docket #7). On February 25, 2010, petitioner filed a Notice of Appeal (docket #9) and has now filed an Application for Certificate of Appealability (docket #11).

Petitioner was permitted leave to proceed *in forma pauperis* in pursuit of this petition, thus, shall be permitted to pursue his appeal without paying the filing fee.

The Court will deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition

based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Court finds that petitioner has not met this standard.

The Court finds that jurists of reason would not find debatable the question whether this court abused its discretion in denying petitioner's Motion for Final Disposition of a Detainer lodged by the United States Government, when the court found that petitioner was not in custody of an officer of Immigration and Customs Enforcement. *See* 28 U.S.C. § 2241(c), *see also, Campos v. I.N.S.,* 62 F.3d 311, 314 (9th Cir. 1995).

**IT IS THEREFORE ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #11) is **DENIED**.

Dated this 5th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE